IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARQUETH WILSON,<br>　　#00706683,<br>　　　　PLAINTIFF, | §<br>§<br>§ | |
| | § | |
| V. | § | CIVIL CASE No. 3:18-CV-3130-B-BK |
| | § | |
| BEHR PAINT, ET AL.,<br>　　　　DEFENDANTS. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United

States magistrate judge for judicial screening, including findings and a recommended

disposition.  This case was transferred from United States District Court for the Eastern District

of California, after which this Court granted Plaintiff Marqueth Wilson's renewed motion to

proceed *in forma pauperis* under 28 U.S.C. 1915(b)(1).  Doc. 12; Doc. 14.   Upon review of the

relevant pleadings and applicable law, this civil action should be summarily **DISMISSED**.

## I.    BACKGROUND

On September 13, 2018, Wilson, a Texas state prisoner proceeding *pro se*, filed his

*Original Petition* against Behr Paint and Masco Corporation of Bakersfield, California, alleging

that, in October 2016, he purchased 12 gallons of mislabeled Behr paint at a Home Depot store

in Balch Springs, Texas, which he subsequently used in his residential painting business.  He

contends that because the paint was flat, instead of semi-gloss as reflected on the paint can label,

his business suffered losses of approximately $4,000.  Wilson claims negligence, products

liability, and violations of the Texas Deceptive Trade Practices Act (DTPA).  Doc. 1 at 3-4.

On November 19, 2018, Wilson filed his *First Amended Complaint,* alleging both diversity and federal question jurisdiction.  Doc. 6 at 1-2.  In addition to re-asserting his state law claims, he averred Defendants discriminated against him "on the basis of his race, by denying [him] equal protection of the law and further discriminat[ing] against him on the basis of his economic status."  Doc. 6 at 9.  Wilson sought $5,000 in actual damages, $50,000 for products liability, $100,000 for negligence, $15,000 under the DTPA, $100,000 for discrimination, and $100,000 for exemplary damages.  Doc. 6 at 11.

The Court ordered Wilson to expound on the factual allegations in his *Amended Complaint.*  Doc. 15 (*Magistrate Judge's Questionnaire*).  He has now responded and avers that:

> in October 2016, he owned a business called "Walls by Wilson."  Wilson purchased at least twelve (12) gallons of white, untinted paint in two 5-gallon containers and two gallon [sic] containers along with other paint-related material at Home Depot in Balch Spring, Texas.  Wilson indicated that he desired to purchase Behr interior semi-gloss paint.  After Wilson sprayed more than ten gallons of paint in the interior portion of a residential property, he discovered as the paint dried [that] the paint did not have any sheen whatsoever.   Plaintiff examined the paint and containers and found the material was indeed flat paint and the label purported Behr's material to be interior semi-gloss paint.   Upon discovering the paint was flat, Wilson immediately telephoned The Home Depot and Home Depot instructed Plaintiff to bring the paint back to the store so that it could be inspected.  Wilson then instructed and explained that he already sprayed over ten gallons in the home in which he was contracted with to paint, and Home Depot instructed Wilson to bring back whatever paint he had remaining with the lids of the containers and the containers.  Plaintiff complied with Home Depot [sic] instructions and Home Depot employees who examined the remaining paint, lid, and containers conclusively determined that the paint in the 5-gallon containers was indeed flat paint in a mislabeled container.  Home Depot employees informed Wilson that the product[s] of Behr Paint were the sole responsibility of Behr Paint/Masco Corporation.  Home Depot stated they would contact Behr to see what steps they were willing to take to rectify the situation.  Plaintiff was also advised that Behr Paint would likely schedule a date in about 'two weeks' to view the residence.  Wilson also informed Home Depot that he was bound by a deadline and was consistently losing money as a direct result of Behr Products. Behr did not contact Plaintiff to rectify this matter.   Wilson made an offer to Behr Paint to resolve the issues under DTPA but the company did not, nor has not responded.

Doc. 16 at 2-3.

II.    ANALYSIS

A.  Diversity Jurisdiction is Lacking

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, 28 U.S.C. § 1332.  Moreover, "the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Court liberally construes pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Wilson has not alleged facts that establish diversity jurisdiction.

Assuming there is complete diversity of citizenship among the parties, it is clear that Wilson has arbitrarily alleged an excessive amount in damages to meet the jurisdictional amount in controversy.  Doing so is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court.  *See Thomson v. Gaskill*, 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.,* 220 F.2d 734, 736

(5th Cir. 1955) (amount of damages for federal jurisdictional purposes must be estimated in good faith).

As the party invoking the Court's diversity jurisdiction, Wilson bears the burden of establishing the $75,000 amount in controversy by providing a factual basis for the damages claimed. *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *see also Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052-53 (5th Cir. 1982) ("the party invoking [diversity] jurisdiction has the burden of establishing the factual basis of his claim by pleading or affidavit"). The general rule has been to accept the complaint's claimed amount in controversy, unless it appears or is shown that the amount is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The "good faith" inquiry focuses on whether "the claim is really for less than the jurisdictional amount." *Id.* "[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." *Gaskill*, 315 U.S. at 447. "[A] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal*, 681 F.2d at 1052.

As mentioned *supra*, Wilson seeks $270,000 in compensatory, punitive and treble damages due to Defendants alleged state law violations.[1] Doc. 6 at 11. However, he concedes his business losses were at most $5,000 and he presents nothing else that would warrant seeking such a large sum. Doc. 16 at 2-3. Moreover, the complaint, as supplemented by his *Answers to Magistrate Judge's Questionnaire*, offers no facts that support the amount of compensatory and punitive damages sought. Doc. 16 at 2-3. In response to the Court's question requiring him to specify the factual and legal bases for the amounts of damages he sought, Wilson simply

---

[1] He also seeks $100,000 for the supposed discrimination under 42 U.S.C. § 1981. Doc. 6 at 11.

reasserts his claims—namely that Defendants were "legally responsible for the violations [they] committed which adversely affected Plaintiff" and that they did not attempt to remedy the situation.  Doc. 16 at 3.

Wilson's unsupported, conclusory assertions cannot support a finding that this case involves at least $75,000 in controversy.  *See Bailey v. U.S. Fid. & Guar. Co.*, 181 F.3d 96, 1999 WL 346942, at *2 (5th Cir. 1999) (unpublished) (frivolous claim failed to provide a good faith basis to support the amount in controversy requirement).  As such, Wilson's damage claims lack a good faith basis.  *See Ahmmad v. Wells Fargo Bank, NA*, No. 3:13-CV-5019-N-BH, 2014 WL 4468207, at *4 (N.D. Tex. Sept. 9, 2014), *R. & R. accepted*, 2010 WL 4923923 (N.D. Tex. Nov. 29, 2010) (finding no good faith basis to support amount in controversy where "claimed damages appear[ed] very disproportionate to the allegations giving rise to th[e] action"); *Stebbins v. Texas*, No. 3:11-CV-2227-B-BK, 2011 WL 6130403, at *2 (N.D. Tex. Oct. 24, 2011), *R. & R. accepted*, 2011 WL 6130411 (N.D. Tex. Dec. 9, 2011) (concluding arbitrarily selected amount in controversy lacked a good faith basis).

**B.  42 U.S.C. § 1981 Discrimination Claim Lacks Facial Plausibility**

The Court addresses next whether Wilson's discrimination claim (the sole basis for federal question jurisdiction) passes judicial screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it fails to state a claim upon which relief may be granted.  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Here, even under the most liberal construction, Wilson's discrimination claim lacks facial plausibility.

Wilson brings a claim under 42 U.S.C. § 1981, which prohibits discrimination based on race in the making and enforcement of contracts. Doc. 16 at 8-9. To state a claim for a violation of Section 1981, a plaintiff must allege facts showing that (1) he is a member of a protected class; (2) the defendant intended to discriminate against him on the basis of race; and (3) the discrimination related to one or more activities enumerated in the statute, including the right to make or enforce contracts. *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011). "[A] cause of action for racial discrimination in the making and enforcement of contracts, under § 1981, requires the plaintiff to demonstrate intentional discrimination." *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997).

Wilson's complaint and *Answers to Magistrate Judge's Questionnaire* are devoid of any factual enhancement reasonably suggesting discriminatory conduct by Defendants on account of Wilson's race. In his complaint and Questionnaire responses, Wilson alleges that:

- Defendants "did discriminate against [him] on the basis of his race by denying [him] equal protection of the law and further discriminated against [him] on the basis of his economic status." Doc. 6 at 9.

- By failing, refusing or neglecting to provide an equitable remedy for its wrongs and by denying Plaintiff any offers to rectify the matters made the basis of this lawsuit by 'remaining silent' on the issues presented, Defendant[s] did discriminate against Marqueth Wilson on the basis of his race as an African-American and as that of a small businessman." Doc. 6 at 10.

- Defendants had no basis other than his race for their actions, since they "refus[ed] . . . to stand behind the product" and "blatantly ignored Plaintiff's verbal and written requests of complaints involving its paint products." Doc. 16 at 8.

- A Home Depot employee told a Behr employee during that telephone conversation that, "[Wilson] is an African American and I do not know how long he's been in business but there are not many of his kind who come to the paint department." Doc. 16 at 7. Wilson "asserts, in short, that the factual basis of his discrimination claim is based on the conversation that Behr Paint/Masco Corporation engaged in with Home Depot, which was based, in part, on Plaintiff's identifiable race as an African American, a fact which should have had no relevance to any matter." *Id.*

These vague and conclusory allegations, based almost entirely on Wilson's subjective belief of Defendants' racial animus, fail to provide the requisite factual support for his discrimination claims, however.  *See Ryans v. Gresham*, 6 F. Supp. 2d 595, 603-604 (E.D. Tex. 1998) (subjective conjecture that defendants were motivated by racial animus was insufficient to support a claim under Section 1981); *Grimes v. Texas Dept. of MHMR*, 102 F.3d 137, 139-141 (5th Cir. 1996) (conclusory allegations, unsubstantiated assertions, and subjective beliefs were insufficient to support an employment discrimination claim).  And while it is clearly implausible that Defendants' representatives gratuitously discussed Wilson's race within his earshot, the purported substance of the alleged conversation is nonetheless insufficient to establish a prima facie case of discrimination in the making or enforcement of a contract.  *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) (affirming dismissal of Section 1981 claims because plaintiff failed to allege that defendants discriminated against him based on race in the making or enforcement of any contract); *Grambling Univ. Nat. Alumni Ass'n v. Bd. of Sup'rs for Louisiana Sys.,* 286 Fed. Appx. 864, 870 (5th Cir. 2008) (per curiam) (concluding Section 1981 claim was "implausible" where there was no showing of racial animus as a motivating factor).

### C.  Declining Supplemental Jurisdiction over Remaining State-Law Claims

Upon dismissal of Wilson's section 1981 claim, the Court should decline to exercise supplemental jurisdiction over Wilson's state-law claims for products liability, negligence, and violation of the DTPA.  *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction").  Accordingly, Wilson's state-law claims should be dismissed without prejudice.  *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th

Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

### III.    LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* *587 F.3d 764, 767–68 (5th Cir. 2009).*  Here, the facts as alleged by Wilson clearly demonstrate that his only federal claim fails to state a claim and diversity jurisdiction is lacking.  In addition, the Court has already given him the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire* and, prior to the transfer of the case, the Eastern District of California granted him leave to amend the complaint.  Doc. 16; Doc. 3.   Thus, Wilson has already pled his best case and granting leave to amend would be futile and cause needless delay.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's 42 U.S.C. § 1981 claim should be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and his state law claims should be **DISMISSED WITHOUT PREJUDICE** as the Court declines to exercise supplemental jurisdiction, see 28 U.S.C. § 1367(c)(3).

**SO RECOMMENDED** on June 28, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).